**RUNDLE v. WILLIAMS (WILLIAMS, Intervener).**

No. 5755.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 4, 1938.

J. F. Phillips, of Shreveport, for appellant.

Mabry & Carstarphen, of Shreveport, for appellees.

DREW, Judge.

The issues, the facts and the finding of the lower court are set out in the following written opinion and judgment of that court:

"These parties were married October 17, 1925, and divorced March 26, 1932. There was never any settlement of the community, whose only asset consisted of a house and lot described as Lot 5, Block 14 of the Parkview Subdivision of the City of Shreveport. This property was purchased for a cash consideration of $2,000 on January 29, 1930, and was encumbered by a mortgage for $1,200.00, dated February 13, 1932, securing a note of like date and amount, payable to the husband and by him endorsed in blank.

"The wife claims ownership of half of this property; that the mortgage is a simulation executed for the purpose of defrauding her of her interest, and prays for recognition as owner of one-half and a partition; the annulment of the mortgage at least as to her interest and $640.00, half of the rental value during the period of occupation by the husband since the divorce.

"The husband answers setting up the validity of the mortgage; that the rights of the wife are only residuary after the payment of community debts, totaling $587.39.

"W. J. Williams, father of the husband, intervenes, alleging his ownership of the mortgage note and praying for payment by preference of it, interest and attorney's fees less a credit of $50.00.

"We think the evidence supports the claim of intervenor. He is corroborated by Mrs. W. J. Williams, Mrs. A. S. Collins and his son. Plaintiff offers nothing to the contrary, not even her own denial. There is accordingly judgment for the intervenor for $1,200.00 with 5% per annum interest thereon from February 13, 1932, until paid, less a credit of $50.00 paid January 31, 1934, with 10% on the total amount as attorney's fees. Intervenor's lien and mortgage on the property to the extent of the above amount is recognized and he is ordered paid by preference out of the proceeds.

"Defendant claims to have paid after the divorce out of his funds the following community debts:

| | |
|---|---|
| Freeman's Shoe Shop | $ 48.30 |
| Nelson's Service Station | 34.80 |
| Peyton's Drug Store | 17.80 |
| Mrs. W. J. Williams | 100.00 |
| Addis Williams | 20.00 |
| W. J. Williams | 100.00 |
| | $320.90 |

"While the proof of these payments depends largely upon the testimony of defendant himself, he is corroborated as to the principal items by his father and mother. Also by the circumstance that for five years prior to this divorce he had been out of employment owing to the depression. The plaintiff, who should have some knowledge of the affairs of the community, offers no contradiction; nor does her counsel file a brief setting out what accounts he considers unproven. They therefore should be allowed, as well as the item of $50.00 interest proven without objection to have been paid by defendant on the note. The total credit due the husband is $370.90. He occupied and used the premises from the date of divorce to that of trial, a period of 67½ months. He testified that the place would not rent for more than $10.00 per month. He then owes as rent for plaintiff's half, $337.50. As against this he is entitled to a credit of $82.50 for roofing and $184.19 for taxes admittedly paid, leaving a net indebtedness for rent of $70.81.

"It is therefore ordered, adjudged and decreed that the lot and improvements be sold to settle the community. That out of the proceeds the cost of this proceeding be first paid, and intervenor W. J. Williams be paid by preference the amount due on his mortgage as given above. That defendant Harry Williams be next paid $300.09. That the residue, if any, be divided equally between plaintiff and defendant."

"Judgment

"In this cause, a rehearing having been granted, and plaintiff and defendant having agreed to a correction of the figures outlined in the court's original opinion; the

case having been submitted, and the law and evidence being in favor thereof,

"It is ordered, adjudged and decreed, That there be judgment in favor of plaintiff, Mrs. Edna Hill Rundle, and against the defendant, Harry F. Williams, recognizing plaintiff to be the owner of an undivided one-half interest in the following described property, to-wit:

"Lot 5, of Block 14, Parkview Subdivision, City of Shreveport, Caddo Parish, Louisiana, together with all buildings and improvements thereon; and that the defendant Harry F. Williams be, and he is hereby recognized as the owner of the other undivided one-half interest in said property, and decreeing a partition by licitation of said property between plaintiff and defendant.

"It is further ordered, adjudged and decreed, That said property be sold at public auction, after the time of notice and advertisement prescribed by law, by T. R. Hughes, Sheriff and Ex-officio Auctioneer of Caddo Parish, Louisiana, for cash and according to law; and that a commission issue to the said T. R. Hughes, Sheriff and Ex-officio Auctioneer accordingly.

"It is further ordered, adjudged and decreed, That there be judgment in favor of plaintiff, against said defendant, for three hundred sixty and no/100 ($360.00) dollars, for rent of plaintiff's undivided one-half interest in said property.

"It is further ordered, adjudged and decreed, That there be judgment in favor of defendant and against plaintiff, in reconvention, in the full sum of six hundred fifty and 88/100 ($650.88) dollars.

"It is further ordered, adjudged and decreed, That there be judgment in favor of W. J. Williams, Intervenor, and against plaintiff and defendant, recognizing and enforcing his mortgage on the aforesaid described property for twelve hundred & no/100 ($1,200.00) dollars, with five per cent per annum interest thereon from February 13, 1932, until paid, together with ten per cent as attorneys' fees on principal and interest, less a credit of fifty & no/100 ($50.00) dollars paid January 31, 1934; and that he be paid the amount of his said claim out of the proceeds of the sale of said property by preference and priority over all other persons.

"It is further ordered, adjudged and decreed That after the payment of said above described mortgage to the said W. J. Williams, Intervenor, out of the proceeds of said sale of the above described property, defendant, Harry F. Williams, be paid out of the remainder of the proceeds of said sale the sum of six hundred fifty & 88/100 ($650.88) dollars, less three hundred sixty & no/100 ($360.00) dollars, due plaintiff for rent.

"It is further ordered, adjudged and decreed That the residue from the sale of said property, if any, be divided equally between plaintiff and defendant.

"It is further ordered, adjudged and decreed That the costs be borne by the mass.

"Judgment rendered In Open Court on April 4, 1938.

"Judgment read and signed In Open Court on this the 6th day of April, A. D., 1938.

"E. P. Mills,
"District Judge."

Plaintiff prosecutes this appeal from that judgment.

The only alleged error urged here is in reference to the finding of the lower court that the mortgage was a valid mortgage and that intervenor was the holder and owner of the mortgage note in due course. The attack on the validity of the mortgage is based purely on suspicion. The suspicious circumstances urged by plaintiff are that the mortgage was not executed until two years after the money was borrowed, and only a short time before the divorce proceedings were filed. These facts are true. But we are of the opinion that they are clearly explained. It is admitted by plaintiff in her brief that the intervenor actually loaned defendant, his son, $2,000 to pay for the house and lot and that $800 was paid by defendant on the debt before the mortgage was executed. It is clear, therefore, that intervenor did have a debt against the community for the amount set out in the mortgage and that he would still be entitled to payment of the debt out of the community funds or property before the community could be divided, even though the mortgage was held to be a nullity. We think a fair deduction to be made from the testimony is that at the time the money was borrowed by defendant his father did not exact of him a mortgage. Afterwards defendant lost his job and was unable to make further payments. About this time defendant and plaintiff, his then wife, were on the verge of separation and divorce,

and in order to protect his father the defendant placed the mortgage on the property and put the note in his father's safe, where he kept all other valuable papers, at the time notifying the intervenor that he had done so. Intervenor and defendant were at this time living together and both had access to and use of the same safe. We are of the opinion that this constituted sufficient delivery of the mortgage note to justify the court in finding that intervenor was the holder and owner of the note in due course and that the mortgage is a valid one and was not executed for the purpose of defrauding plaintiff, but for the purpose of securing an honest debt owed by the community.

The judgment of the lower court is correct and is affirmed with costs.